UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EDMUND GERSTEIN,

    Plaintiff,

vs.

HCC LIFE INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant HCC Life Insurance Company ("HCC Life") hereby removes the above-entitled action filed by plaintiff Edmund Gerstein, in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, Case No. 2015CA009091, to this court pursuant to 28 U.S.C. § 1441, and respectfully alleges as follows:

    1.    Jurisdiction of this action is founded upon 28 U.S.C. §§ 1332, 1441(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

    2.    On or about August 10, 2015, plaintiff filed a complaint in the 15th Judicial Circuit, in and for Palm Beach County, Florida, entitled "Edmund Gerstein v. HCC Life Insurance Company," Case No.: 2015CA009091, seeking damages for the alleged breach of an insurance policy.

    3.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). On September 21, 2015, HCC Life was first served with the complaint. Attached hereto as Exhibit 1 are true and correct copies of the documents received by HCC Life. Attached hereto as Exhibit 2 is the entire

state court file.  Together, Exhibits 1 and 2 constitute all pleadings, processes, orders and other papers served or filed in this matter.

4. HCC Life has not filed an answer or otherwise responded to the complaint, and no proceedings have been had in the state court.

5. This action is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by HCC Life pursuant to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Although the complaint does not identify the parties' citizenship, this Notice of Removal corrects any technical impediment by identifying their citizenship.  *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (defendant seeking to remove action based on diversity can supply elements to establish jurisdiction in its removal papers); *see also Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978)

7. Plaintiff is a citizen and resident of the State of Florida. *See* Complaint ¶ 3.

8. Pursuant to 28 U.S.C. § 1332(c), defendant is a citizen of the States of Indiana and Georgia.  This is because defendant is incorporated in the State of Indiana.  In addition, defendant maintains its headquarters in Kennesaw, Georgia where its high level corporate officers direct and control corporate affairs.

9. In the complaint, plaintiff alleges that he, as the insured, incurred significant medical expenses for which he is responsible and as to which defendant has denied payment for services. Complaint ¶¶ 7-8, 14-16, 26, 28-32. For this, plaintiff has brought claims for breach of contract

(Count I) and violation of Fla. Stat. §§ 624.155 & 626.9541 (Count II) against defendant.[1] *Id.* ¶¶ 27-44.

10. Plaintiff alleges that the amount at issue is in excess of the state court jurisdictional amount, *id.* ¶ 4, but also attaches an exhibit where he asserts that "the covered damage is well into the six figure range." *Id*. at Exhibit B (penultimate paragraph of plaintiff's civil remedy notice). In fact, the amount of claims denied totals over $200,000. . Because plaintiff claims well in excess of $75,000 in benefits under the Policy, the amount in controversy, exclusive of interest and costs, exceeds the Court's jurisdictional requirement.

11. Written notice of the filing of this Notice of Removal will be provided to plaintiff pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal will be filed with the Clerk of the Palm Beach County Circuit Court, along with a duplicate copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, defendant gives notice that the above-entitled action, now pending against it in the Palm Beach County Circuit Court in and for the State of Florida, has been removed therefrom to this Court on the ground of diversity of citizenship.

---

[1] Plaintiff has acknowledged that he stands ready to abate Count II (i.e., the bad faith claim) until Count I for breach of contract is resolved. Complaint at n. 1.

Respectfully submitted,

By:   /s/ Jeannine C. Jacobson
     JEANNINE C. JACOBSON
     Florida Bar No. 58777
     jeannine.jacobson@sedgwicklaw.com
     SEDGWICK LLP
     2400 E. Commercial Blvd, Suite 1100
     Ft. Lauderdale, FL  33308-4044
     Telephone:  954-958-2500
     Facsimile:  877-541-2720

Attorneys for Defendant

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** service of a true copy of this document on this 5th day of October, 2015, by electronic filing and the CM/ECF system, which will send notice to the attorneys listed on the attached service list.

                                        /s/ Jeannine C. Jacobson
                                        JEANNINE C. JACOBSON

Gerstein v. HCC Life Insurance Company
United States District Court, Southern District of Florida, Case No.

Jeffrey L. Greyber, Esq.
222 Lakeview Avenue, Suite 950
West Palm Beach, FL  33401
Telephone:     561-855-2120
Facsimile:     561-255-1283
E-Mail:        jgreyber@merlinlawgroup.com

    Counsel for Plaintiff