UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-81374-RLR-DLB

EDMUND GERSTEIN,

    Plaintiff,

vs.

HCC LIFE INSURANCE COMPANY,

    Defendant.

_____/

**DEFENDANT, HCC LIFE INSURANCE COMPANY's,
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, HCC LIFE INSURANCE COMPANY ("HCC"), files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

**NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE**

1.    Admits that this is an action containing (a) a claim for breach of insurance contract and (b) a claim for violation of Florida's claim handling and unfair trade practice statutes, abated pursuant to the parties' stipulation, but except as so admitted denies the allegations in paragraph 1.

2.    Admits the allegations in paragraph 2.

3.    Admits that venue is proper in this District, but except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.    Admits that this Court has diversity jurisdiction as there is diversity of citizenship between the parties and the amount in controversy (exclusive of attorney's fees, interest and costs) exceeds $75,000, but except as so admitted denies the allegations in paragraph 4.

5. Admits that venue is proper in this District, but except as so admitted denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6 and states that (a) plaintiff has failed to satisfy all conditions precedent for plaintiff's breach of insurance contract claim in that the benefits sought are excluded under the terms and conditions of the Policy, and (b) plaintiff has failed to satisfy all conditions precedent for plaintiff's claim for violation of Florida's claim handling and unfair trade practice statutes, which claim is premature unless and until plaintiff prevails on his breach of contract claim.

## COMMON ALLEGATIONS

7. Admits that plaintiff purchased a short term major medical insurance policy, certificate no. FL14001195 (the "Policy"), from HCC, but except as so admitted denies the allegations in paragraph 7.

8. States that this a conclusion of law to which no response is required. To the extent a response is required, admits that the Policy speaks for itself, but except as so admitted denies the allegations in paragraph 8.

9. Admits that plaintiff paid premiums for six months of coverage effective June 23, 2014, but except as so admitted denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10 and states that plaintiff has failed to satisfy all conditions precedent for plaintiff's breach of insurance contract claim in that the benefits sought are not payable and/or excluded under the terms and conditions of the Policy.

11. Admits that the Policy speaks for itself, but except as so admitted denies the allegations in paragraph 11.

12. Admits that the Policy speaks for itself, but except as so admitted denies the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admits that plaintiff's medical records reflect that plaintiff sought medical treatment on June 26, 2014 and that plaintiff's medical records speak for themselves, but except as so admitted denies the allegations in paragraph 14.

15. Admits that plaintiff's medical records speak for themselves, but except as so admitted denies the allegations in paragraph 15.

16. Admits that HCC was notified of plaintiff's medical treatment and assigned multiple claim numbers to the various claims for services it received, but except as so admitted denies the allegations in paragraph 16.

17. Admits that HCC's claims correspondence with plaintiff speaks for itself, but except as so admitted denies the allegations in paragraph 17.

18. Admits that plaintiff sought an appeal of the denial of his claim for benefits, which denial was upheld by letter dated January 6, 2015, but except as so admitted denies the allegations in paragraph 18.

19. Admits that HCC's letter dated January 6, 2015 speaks for itself, but except as so admitted denies the allegations in paragraph 19.

20. Admits that plaintiff's counsel's letter dated May 5, 2015 speaks for itself, but except as so admitted denies the allegations in paragraph 20 and the statements contained in plaintiff's counsel's May 5, 2015 letter.

21. Admits that plaintiff's counsel's letter dated May 29, 2015, and plaintiff's civil remedy notice speak for themselves, but except as so admitted denies the allegations in paragraph 21, and the statements contained in plaintiff counsel's May 29, 2015 letter and plaintiff's civil remedy notice.

22. Admits that the Policy's effective date was June 23, 2014 and that the medical records and the Policy speak for themselves, but except as so admitted denies the allegations in paragraph 22.

23. Admits that the medical records and the Policy speak for themselves, but except as so admitted denies the allegations in paragraph 23.

24. Admits that the Policy speaks for itself, but except as so admitted denies the allegations in paragraph 24.

25. Admits that the medical records and the Policy speak for themselves, but except as so admitted denies the allegations in paragraph 25.

26. Denies that HCC's denial of plaintiff's claims was improper and that it resulted in any damages, and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

## COUNT I - BREACH OF CONTRACT

27. Incorporates in paragraph 27 its responses to paragraph 1-26 of the Complaint.

28. Admits that HCC issued the Policy, that plaintiff was covered under the Policy subject to its terms and conditions, and that the certificate of coverage issued to plaintiff is valid and is enforceable under Florida law, but except as so admitted denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Admits that the Policy and applicable Florida laws speak for themselves, but except as so admitted denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Admits that it appears plaintiff has retained counsel to represent him, but except as so admitted denies that HCC breached the Policy and further denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 34.

## COUNT II – VIOLATION OF SECTIONS 624.155 AND 626.9541 OF THE FLORIDA STATUTES

35. Pursuant to stipulation, Count II of the Complaint is abated/stayed pending resolution of Count I; therefore, no response is required to paragraphs 35-44 of the Complaint.

36. Admits the allegations in paragraph 45.

## FIRST DEFENSE

Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Policy.

## SECOND DEFENSE

Plaintiff has failed to satisfy all conditions precedent for the payment of benefits under the Policy in that, *inter alia*, the benefits sought are not payable and/or excluded under the terms and conditions of the Policy.

## THIRD DEFENSE

HCC has complied with and performed all of its promises, obligations and duties to plaintiff under the Policy.

## FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in that no benefits are payable under the Policy because, *inter alia*, the benefits sought are not payable and/or excluded under the terms and conditions of the Policy.

## FIFTH DEFENSE

Plaintiff's causes of action against HCC are barred by the doctrines of laches, waiver and/or estoppel.

## SIXTH DEFENSE

Plaintiff's damages are subject to reduction to the extent he failed to exercise reasonable care to mitigate and minimize his alleged damages.

## SEVENTH DEFENSE

Coverage is barred to the extent mandated by public policy.

## EIGHTH DEFENSE

Plaintiff's damages, if any, are subject to reduction to the extent he recovers his alleged losses or damages from another source.

## NINTH DEFENSE

Plaintiff lacks standing to bring all, or at least some, of the claims asserted in the Complaint.

## RELIEF REQUESTED

HCC asks that: (i) the Court dismiss the complaint with prejudice and judgment be entered in its favor; and (ii) the Court grant such other relief as it may deem just and proper under circumstances of this case.

Respectfully submitted,

SEDGWICK LLP


By:   /s/ Jeannine C. Jacboson
      JEANNINE C. JACOBSON
      Florida Bar No. 58777
      jeannine.jacobson@sedgwicklaw.com

      2400 E. Commercial Blvd, Suite 1100
      Ft. Lauderdale, FL  33308-4044
      Telephone:  954.958.2500
      Facsimile:  877-541-2720

      Attorneys for Defendant

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** service of a true copy of this document on this 27th day of October, 2015, by electronic filing and the CM/ECF system, which will send notice to the attorneys listed on the attached service list.

                                                        /s/  Jeannine C. Jacobson
                                                          JEANNINE C. JACOBSON

Gerstein v. HCC Life Insurance Company
United States District Court, Southern District of Florida
Case No. 9:15-cv-81374-RLR-DLB

Jeffrey L. Greyber, Esq.
222 Lakeview Avenue, Suite 950
West Palm Beach, FL  33401
Telephone:	561-855-2120
Facsimile:	561-255-1283
E-Mail:		jgreyber@merlinlawgroup.com

    Counsel for Plaintiff